SUPERIOR COURT MATTERS

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

RONALD L. GIBSON          )
            Plaintiff     )
                          )
v.                        )
                          )        3AN-06-$\mathcal{5988}$Civ
NOVA COMMUNICATIONS       )        Judge Unassigned
SERVICES, LLC             )
            Defendant     )
                          )
and                       )
                          )
FRED STROHMEYER           )
            Defendant     )

NOW COMES Plaintiff Ronald L. Gibson, Plaintiff, who respectfully
represents as follows:

I.

1. Plaintiff Ronald L. Gibson, hereinafter referred to as"Plaintiff Gibson" is

a natural person of the full age of majority residing in the Municipality of

Anchorage, State of Alaska.

2. Defendant Nova Communications Services, LLC, hereinafter referred to

as "Defendant Nova" is a limited liability company, who on belief of

Plaintiff is organized under the laws of and/or based in the State of North

Carolina.

3. Defendant Fred Strohmeyer, hereinafter referred to as "Defendant

Strohmeyer" is a natural person of the full age of majority residing in the

State of North Carolina.

> *Count 1- Violation of Wage Requirements under the Fair*
> *Labor Standards Act and Alaska Administrative Code*

II.

1. At all times relevant herein, and more specifically during a period that includes from about June 1, 2004 to January 28, 2006, Defendant Nova engaged in construction activities within the State of Alaska, including a project on United States military property near or at Anchorage, Alaska.

2. At some time on or immediately before June 1, 2004, Defendant Nova contacted and hired Plaintiff Gibson to work on the construction project referenced above in Paragraph II.2.

3. Based on this employment arrangement, Plaintiff Gibson traveled to Anchorage, Alaska and began working for Defendant Nova in its Alaska construction activities referenced and described above in Paragraph II.2.

4. During the period from about June 1, 2004 through November 6, 2004, Defendant Nova compensated Plaintiff Gibson at an hourly rate of $30 per hour before any allowable deductions and withholdings.

Exhibit A Page 2 of 13
No _____

5. During the period from about June 1, 2004 through November 6, 2004, Defendant Nova compensated Plaintiff Gibson at the rate of $30 per hour without any increase in hourly rate for time worked in excess of 8 hours per day or 40 hours per calendar week, this time in excess of 8 hours per day or 40 hours per week hereinafter referred to in all parts of this petition as "overtime".

6. During the period June 1, 2004 through November 6, 2004, Plaintiff Gibson worked a total of 362 hours overtime.

7. During the period from about November 28, 2004 through December 11, 2004, Defendant Nova compensated Plaintiff Gibson at an hourly rate of $35 per hour before any allowable deductions and withholdings.

8. During the period from about November 28, 2004 through December 11, 2004, Defendant Nova compensated Plaintiff Gibson at the rate of $35 per hour without any increase in hourly rate for time worked in excess of 8 hours per day or 40 hours per calendar week.

9. During the period November 28, 2004 through December 11, 2004, Plaintiff Gibson worked a total of 30 hours overtime.

10. During the period from about December12, 2004 through January 28, 2006 Defendant Nova compensated Plaintiff Gibson at an hourly rate of

Page 3 of 13

No

3

$40 per hour before any allowable deductions and withholdings.

11 During the period from about December 12, 2004 through January 28, 2006, Defendant Nova compensated Plaintiff Gibson at the rate of $40 per hour without any increase in hourly rate for time worked in excess of 8 hours per day or 40 hours per calendar week.

.

12. During the period December 12, 2004 through January 28, 2006 Plaintiff Gibson worked a total of 910 hours overtime.

13. At all times during the period June 1, 2004 though January 28, 2006, in accordance with the federal Fair Labor Standards Act, 29 U.S C.201 et seq, AS 23.10.055 and 8 AAC 15.910, Defendant Nova was required to compensate Plaintiff Gibson for all overtime work at the rate applicable and payable during each pay period, plus an additional rate of one-half that hourly rate, commonly referred to as "time and a half."

14. Defendant Nova is thereby obligated to compensate Plaintiff Gibson the sum of Twenty Six Thousand, Eight Hundred, Fifty-Five Dollars ($26, 855), in addition to wages already paid, to meet the statutory and administrative requirements for payment of overtime to hourly rate workers.

15. Defendant Nova has engaged in construction and trade work in the

Page 4 of 13
No

past, had full knowledge that it paid Plaintiff Gibson by the hour, and had no reason to believe Plaintiff Gibson was exempt from these requirements, ignored statutory and administrative requirements to pay overtime, and thus it is necessary and proper that Defendant Nova be indebted to Plaintiff Gibson in the amount of Twenty Six Thousand, Eight Hundred, Fifty-Five Dollars( $26, 855) in addition to the principal sum of overtime owed,  which represents liquidated damages owed to Plaintiff Gibson and set out by statute.

16. Plaintiff Gibson has now been required to secure the services of an attorney to gain payment of the sums lawfully due, and should be entitled to an award of reasonable and complete attorney fees, plus all costs of these proceedings, in his favor and against Defendant Nova.

*Count 2- Breach of Contract, Fraudulent Misrepresentation, and Breach of Fiduciary Duty to Account for Employee Funds*

III.

1. On or before June 1, 2004, Defendant Nova offered certain inducements to Plaintiff Gibson in order to secure his employment and relocation to the Municipality of Anchorage, State of Alaska.

Exhibit A Page 5 of 13

2. These inducements included a promise to pay living and per diem expenses during the course of Plaintiff Gibson's entire employment relationship with Defendant Nova during the aforementioned Alaska construction project.

3. Commencing November 10, 2004, and continuing through January 28, 2006, Defendant Nova deducted one hundred, fifty-four dollars ($154.00) per week from Plaintiff Gibson's pay for sums arising out of apartment rental expenses for Plaintiff Gibson. This period included deduction of a proportionate amount for two weeks in which Plaintiff Gibson did not work a full work week.

4. Defendant Nova promised and warranted to Plaintiff Gibson that it would include these sums back into a bonus payment at the end of the construction project.

5. The construction project is complete, Plaintiff Gibson has been provided his final paycheck, and Defendant Nova has failed to make any form of bonus payment, including the sum promised as repayment for monies withheld from Plaintiff Gibson's paycheck for apartment costs.

6. Plaintiff Gibson is entitled to the sum of Eight Thousand, Seven Hundred, Thirty Four Dollars ($8734.00) which represents the sums wrongfully withheld by Defendant Nova for apartment costs and which

have not been repaid to Plaintiff Gibson.

7. The withholding described and referenced above in paragraphs III.1
through III.6 were an artifice used to wrongfully deprive Plaintiff Gibson
of wages due and included an intentionally misleading promise by
Defendant Nova.

8. Plaintiff Gibson is therefore entitled to exemplary and/or punitive
damages in an amount to be determined by this Honorable Court and in
an amount of at least Fifty-Thousand Dollars ($50,000) to deter
Defendant Nova from exercising unequal bargaining power and illusory
promises to coerce employees to continue their employment after it
unilaterally changes the conditions of said employment relationship.

9. Plaintiff Gibson is also entitled to exemplary and/or punitive damages
in an amount to be determined by this Honorable Court and in an amount
of at least Fifty-Thousand Dollars ($50,000) to deter Defendant Nova
from failing to safeguard monies withheld from wages of employees and
to further deter Defendant Nova from converting funds that should be
held in trust for an employee for its own use and benefit.

10. Plaintiff Gibson has now been required to secure the services of an
attorney to gain payment of the sums lawfully due, and is entitled to an
award of reasonable and complete attorney fees, plus all costs of these

*A* Page 7 of 13

7

proceedings, in his favor and against Defendant Nova.

*Count 3- Defendant Strohmeyer Tortuously Engaged in Conduct Prohibited by the Federal Fair Labor Standards Act and the Alaska Administrative Code, Depriving Plaintiff Gibson of Wages Due, Misrepresented Facts and Provided Illusory Promises to Plaintiff Gibson, Wrongfully Converted Wages Due Plaintiff Gibson, and Breached Fiduciary Duties Due Plaintiff Gibson.*

IV.

1. Plaintiff Gibson re-alleges and incorporates by reference all claims and allegations set out in paragraphs I.1-3, II.1-16, and III.1-10.

2. Defendant Strohmeyer is a principal owner of Defendant Nova.

3. Defendant Strohmeyer and his immediate family manage the normal affairs of Defendant Nova, including the administration of bank accounts and checking systems used by Defendant Nova to meet its obligations.

4. Defendant Strohmeyer either knew or should have known that Defendant Nova could not or would not complete its financial obligations due Plaintiff Gibson arising out of the employment relationship existing during the period June 1, 2004 through January 28, 2006.

*A* Page *8* of *13*

8

5. Defendant Strohmeyer either knew or recklessly failed to determine that Defendant Nova was required to make time and a half payment for all hourly work that qualified as overtime under both the laws of the United States and the State of Alaska

6. Defendant Strohmeyer actively solicited and administered an hourly pay scheme during the period June 1, 2004 through January 28, 2006 that was in violation of federal and state law, particularly the Federal Fair Labor Standards Act and Alaska Administrative Code.

7. Defendant Strohmeyer is thereby obligated, fully, jointly and severally with Defendant Nova, to compensate Plaintiff Gibson the sum of Twenty Six Thousand, Eight Hundred, Fifty-Five Dollars ($26, 855) representing overtime payments due.

8. Defendant Strohmeyer actively made decisions that resulted in the wrongful withholding of apartment costs from Plaintiff Gibson's wages during the period November 10, 2004 through January 28, 2006.

9. Defendant Strohmeyer actively communicated and participated in the false promise to Plaintiff Gibson that the withholdings for apartment costs during the period November 10, 2004 through January 28, 2006 would be returned to Plaintiff Gibson through some form of bonus at the completion of the construction project described in paragraph II.1.

A Page 7 of 13

10. Defendant Strohmeyer is personally liable as a principal and co-participant with Defendant Nova in a continuing scheme and plan to deprive Plaintiff Gibson of monies and hourly compensation due him and for subsequent violations of the written promise of repayment made by Defendant Strohmeyer.

11. Defendant Strohmeyer is thereby obligated, fully, jointly and severally with Defendant Nova, to compensate Plaintiff Gibson the sum of Eight Thousand, Seven Hundred, Thirty Four Dollars ($8734.00) which represents the sums wrongfully withheld by Defendant Nova for apartment costs and which have not been repaid to Plaintiff Gibson

12. Defendant Strohmeyer personally acted in bad faith, with reckless and/or wrongful intent in the special relationship of trust and duty owed by an employer to his employee, and is therefore personally liable for all sums due for violation of Federal and Alaska state overtime pay requirements; his active participation in the breach of contract for wages; and, the conversions of sums withheld in constructive trust for the employee and for which Defendant Strohmeyer and Defendant Nova have failed to protect and make available for the employee as an end of project bonus and repayment.

13. Plaintiff Gibson is therefore entitled to exemplary and/or punitive

$A$ Page 10 13

10

damages in an amount to be determined by this Honorable Court and in an amount of at least Fifty-Thousand Dollars ($50,000) to deter Defendant Strohmeyer from providing intentional illusory promises to employees, failing to safeguard monies withheld from wages of employees, from participating in knowing breaches of contract and to further deter Defendant Strohmeyer from converting funds that should be held in trust for an employee.

14. Plaintiff Gibson has now been required to secure the services of an attorney to gain payment of the sums lawfully due, and should be entitled to an award of reasonable and complete attorney fees, plus all costs of these proceedings, in his favor and against Defendant Strohmeyer.

WHEREFORE Plaintiff Gibson prays for judgment as follows:

In his favor and against Defendant Nova and Defendant Strohmeyer holding both defendants jointly and severally liable for the full sum of Twenty Six Thousand, Eight Hundred, Fifty-Five Dollars ($26, 855) representing overtime payments due;

In his favor and against Defendant Nova  holding that defendant liable for the full and additional  sum of Twenty Six Thousand, Eight Hundred, Fifty-Five Dollars ($26, 855) representing liquidated damages in addition to the overtime payments due;

$A$ Page 11 of 13

11

In his favor and against Defendant Nova and Defendant Strohmeyer
holding both defendants jointly and severally liable for the full sum
of Eight Thousand, Seven Hundred, Thirty Four Dollars ($8734.00)
representing rental costs wrongfully withheld and not rebated ;

In his favor and against Defendant Nova holding that defendant
liable for exemplary and punitive damages in an amount of at least
One Hundred Thousand Dollars ($100,000);

In his favor and against Defendant Strohmeyer holding that
defendant liable for exemplary and punitive damages in an amount
of at least Fifty-Thousand Dollars ($50,000);

In his favor in his favor and against Defendant Nova and Defendant
Strohmeyer holding both defendants jointly and severally liable for
all of Plaintiff's attorney's fees and costs of this matter;

In his favor and against Defendant Nova and Defendant Strohmeyer
holding both defendants liable for pre-judgment interest on all
sums each defendant is cast in judgment for; and,

$A$ Page 12 · 13

12

For all other relief that is just, equitable or otherwise in accordance with law.

Respectfully submitted this 9th day of March, 2006 at Anchorage, Alaska

Howard L. Martin, Jr.
Attorney for Plaintiff Gibson
Alaska Bar No.9106011
19876 War Admiral Road
Eagle River, Alaska 99577
(907) 223-0215

*A*. Page 13 - 13