RECEIVED
APR 1 0 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

James M. Seedorf
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: (907) 274-7522

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD L. GIBSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NOVA COMMUNICATION SERVICES LLC AND FRED STROHMEYER,<br><br>　　　　Defendants. | Case No. A06-78 Civil TMB<br><br>**ANSWER** |

COME NOW the defendants, Fred Strohmeyer and Nova Communications Services, LLC, by and through their attorneys of record, Hughes Bauman Pfiffner Gorski & Seedorf LLC, and in response to plaintiff's complaint, answer and allege as follows:

1. With regard to the allegations contained in paragraph 1 of plaintiff's complaint, defendants admit that plaintiff worked in Alaska from June 2004 to February 2006, but lack sufficient information to know and accordingly deny that plaintiff is now or was at other times a resident of the state of Alaska.

SCANNED

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                                            Page 1 of 8

2. With regard to the allegations contained in paragraph 2 of plaintiff's complaint, defendants admit only that Nova Communications Services, LLC, is a limited liability company organized under the laws of the state of Virginia with its principal place of business in North Carolina.

3. With regard to the allegations contained in paragraph 3 of plaintiff's complaint, defendants admit the allegations therein contained.

II.

4. With regard to the allegations contained in paragraph 1 of Count I of plaintiff's complaint, defendants admit only that Nova engaged in construction activities on Fort Richardson in the state of Alaska beginning June 1, 2004 and that the project is still ongoing at the present time.

5. With regard to the allegations contained in paragraph 2 of Count I of plaintiff's complaint, defendants admit only that Nova hired plaintiff to perform work for it in the state of Alaska from June 1, 2004 through February 2, 2006.

6. With regard to the allegations contained in paragraph 3 of Count I of plaintiff's complaint, defendants admit that Gibson traveled to Alaska and began working on the Nova project at Fort Richardson on or about June 1, 2004.

7. With regard to the allegations contained in paragraph 4 of Count I of plaintiff's complaint, defendants deny the allegations therein contained, and affirmatively

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

allege that from June 2, 2004, through October 30, 2004, plaintiff was paid a salary of $1,200 per week plus a bonus of $30 per hour for hours worked in excess of 40 per week.

8. With regard to the allegations contained in paragraph 5 of Count 1 of plaintiff's complaint, defendants deny the allegations therein contained.

9. With regard to the allegations contained in paragraph 6 of Count 1 of plaintiff's complaint, defendants deny the allegations therein contained.

10. With regard to the allegations contained in paragraph 7 of Count I of plaintiff's complaint, defendants deny the allegations therein contained, and affirmatively allege that from November 1, 2004, through December 11, 2004, plaintiff was paid a salary of $1,400 per week plus a bonus of $35 per hour for hours worked in excess of 40 per week.

11. With regard to the allegations contained in paragraph 8 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

12. With regard to the allegations contained in paragraph 9 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

13. With regard to the allegations contained in paragraph 10 of Count I of plaintiff's complaint, defendants deny the allegations therein contained, and affirmatively allege that from December 12, 2004, through February 1, 2006, plaintiff was paid a salary of $1,600 per week plus a bonus of $40 per hour for hours worked in excess of 40 per week.

14. With regard to the allegations contained in paragraph 11 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

15. With regard to the allegations contained in paragraph 12 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

16. With regard to the allegations contained in paragraph 13 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

17. With regard to the allegations contained in paragraph 14 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

18. With regard to the allegations contained in paragraph 15 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

19. With regard to the allegations contained in paragraph 16 of Count I of plaintiff's complaint, defendants deny the allegations therein contained.

III.

20. With regard to the allegations contained in paragraph 1 of Count II of plaintiff's complaint, defendants admit that Nova provided various benefits to plaintiff in connection with his employment, but deny all other allegations therein contained.

21. With regard to the allegations contained in paragraph 2 of Count II of plaintiff's complaint, defendants admit that Nova provided per diem expenses, apartment rental, a vehicle to include fuel, and a telephone to plaintiff, but deny any other allegations therein contained.

22. With regard to the allegations contained in paragraph 3 of Count II of plaintiff's complaint, defendants deny the allegations therein contained, and affirmatively

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                                                    Page 4 of 8

allege that plaintiff voluntarily offered to pay the differential cost associated with a two bedroom apartment rather than move to a one bedroom apartment, and that the $154 per week differential, or applicable portion thereof, was deducted from his pay.

23. With regard to the allegations contained in paragraph 4 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

24. With regard to the allegations contained in paragraph 5 of Count II of plaintiff's complaint, defendants admit that plaintiff has received a paycheck that included all amounts due and owing to him, and that it did not include any repayment of rental deductions, but deny all other allegations therein contained.

25. With regard to the allegations contained in paragraph 6 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

26. With regard to the allegations contained in paragraph 7 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

27. With regard to the allegations contained in paragraph 8 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

28. With regard to the allegations contained in paragraph 9 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

29. With regard to the allegations contained in paragraph 10 of Count II of plaintiff's complaint, defendants deny the allegations therein contained.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                                          Page 5 of 8

IV.

30. With regard to the allegations contained in paragraph 1 of Count III of plaintiff's complaint, defendants re-allege and incorporate by reference their responses to allegations incorporated therein, and otherwise deny such allegations.

31. With regard to the allegations contained in paragraph 2 of Count III of plaintiff's complaint, defendants admit that Fred Strohmeyer is a partial owner of Nova and is the managing member of the LLC, but deny all other allegations therein contained.

32. With regard to the allegations contained in paragraph 3 of Count III of plaintiff's complaint, defendants admit that defendant Strohmeyer and his wife manage the day to day affairs of the LLC, including its bank accounts, within the limits of the authority allowed by the majority owner, but deny all other allegations therein contained.

33. With regard to the allegations contained in paragraph 4 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

34. With regard to the allegations contained in paragraph 5 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

35. With regard to the allegations contained in paragraph 6 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

36. With regard to the allegations contained in paragraph 7 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                                                   Page 6 of 8

37. With regard to the allegations contained in paragraph 8 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

38. With regard to the allegations contained in paragraph 9 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

39. With regard to the allegations contained in paragraph 10 of Count III of plaintiff's complaint, defendants deny the allegations therein contained.

40. With regard to any allegation in plaintiff's complaint to which no response has yet been asserted, defendants deny each and every such allegation.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim for which relief may be granted.

2. The Alaska Wage and Hour Act is inapplicable to the claims set forth by plaintiff.

3. Plaintiff was an exempt employee not entitled to payment of overtime compensation.

4. Plaintiff was paid all compensation to which he was entitled.

5. Plaintiff's claims have been the subject of a prior administrative proceeding, and plaintiff has not exhausted his administrative remedies.

6. Defendants reserve the right to assert other and additional affirmative defenses as their investigation of this matter continues.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                                              Page 7 of 8

## PRAYER FOR RELIEF

1. That plaintiff's complaint be dismissed with prejudice, and that plaintiff take nothing thereby; and

2. That defendants be awarded their costs and attorney's fees incurred in defending this case; and

3. Such other and further relief as the court may deem just and equitable.

DATED at Anchorage, Alaska this 10th day of April, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendants

By: /s/ James M. Seedorf
James M. Seedorf
ABA No. 7710164

3900 C Street, Suite 1001
Anchorage, Alaska 99503
907-263-8225/907-263-8320 (fax)
jms@hbplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below a true and correct copy of the foregoing document was delivered via U.S. Mail to:

Howard L. Martin, Jr.
19876 War Admiral Road
Eagle River, AK 99577

DATED this 10th day of April, 2006.

Michelle R. Martin

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

**Answer to Complaint**
*Gibson v. Nova Communication Systems*
244645                                                                 Page 8 of 8